UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE SOMMERKAMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LINCOLN NATIONAL | ) |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Stephanie Sommerkamp, and for her claims and causes of action against Defendant, Lincoln National Life Insurance Company:

PARTIES

1. Stephanie Sommerkamp ("Sommerkamp") is a resident and citizen of the State of Missouri.

2. The Lincoln National Life Insurance Company ("Lincoln") is a foreign insurance company authorized to do business in the State of Missouri. The Director of the Missouri Department of Insurance is authorized to receive service on behalf of Lincoln.

JURISDICTION AND VENUE

3. Sommerkamp brings her claim pursuant to ERISA and 29 U.S.C. § 1001 *et seq.*

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

1

6. Venue lies in the Western District of Missouri under 29 U.S.C. § 1332(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

## STATEMENTS OF FACT

9. Sommerkamp worked for St. Luke's Hospital of Kansas City as a Registered Nurse for almost 30 years as a Labor and Delivery nurse.

10. In January of 2020, Sommerkamp suffered a fall in which she struck her head on concrete.

11. Thereafter, she began exhibiting severe cognitive dysfunction, headaches, neck pain, knee pain and memory loss.

12. Sommerkamp's conditions have proven to be progressive.

13. Sommerkamp attempted to work through the limitations presented by these conditions and was marginally successful for a time.

14. In January of 2021, Sommerkamp's supervisor, Brenda Cornell, approached her about her job performance. Cornell noted that Sommerkamp had been making mistakes, such as charting errors. Sommerkamp revealed her conditions were limiting her ability to do her job.

15. On January 21, 2021, Cornell concluded that Sommerkamp was unable to perform the material duties of her job and placed Sommerkamp on unpaid leave as of January 21, 2021. Sommerkamp has not been able to return to that employment since.

16. Sommerkamp's condition has not improved, and if anything, has deteriorated. More particularly, the conditions which placed her out of work on January 21, 2021 persisted beyond February 28, 2021, and through the STD policy's maximum benefit period.

17. Sommerkamp's occupation is classified as a medium work job per the Dictionary of Occupational Titles.

18. St. Luke's sponsored a group short-term disability ("STD") benefits plan for its participating employees.

19. St. Luke's also sponsored a group long-term disability ("LTD") benefits plan ("Plan") for its participating employees.

20. The Plan constitutes employee welfare benefit plans as defined by 29 U.S.C. § 1002(1).

21. The Plan offered disability benefits to qualifying St. Luke's employee Plan participants.

22. At all relevant times, Sommerkamp has been a participant and covered person under the terms of the Plan.

23. St. Luke's is the administrator of the Plan.

24. St. Luke's delegated or attempted to delegate the function of issuing STD and LTD claim determinations to Lincoln.

25. St. Luke's and Lincoln entered into an administrative services contract through which St. Luke's paid Lincoln for acting as claims administrator.

26. The Plan defines "Elimination Period" as the following:

> *Elimination Period:*
>
> *Applicable to Class 1, 4:*
>
> *The greater of:*
>
> *a. the end of the Covered Person's Short Term Disability Benefits; or*
>
> *b. 90 days*
>
> *"Elimination Period", with respect to Short Term Disability, means a period of consecutive days of Disability for which no benefit is payable. The Elimination Period is shown in the Schedule of Benefits and begins on the first day of Disability.*

The Plan defines "Disability" or "Disabled", with respect to Long Term Disability as:

Applicable to Class 2, 3, 5, 6, 7:

    a. If the Covered Person is eligible for the Maximum Own Occupation Benefit, "Disability" or "Disabled" means during the Elimination Period and until the Covered Person reaches the end of the Maximum Benefit Period, as a result of an Injury or Sickness, he is unable to perform the Material and Substantial Duties of his Own Occupation.

Applicable to Class 1, 4:

    b. I. If the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation;

27. Sommerkamp applied for STD benefits on January 20, 2021, the date her employer concluded that she was not able to perform the duties of her job as a Labor and Delivery Nurse.

28. On February 15, 2021, Lincoln received medical records from Veronica Anwuri, M.D. Lincoln later received records from Johnathan Wellman, PhD.

29. On March 17, 2021, Lincoln determined that Sommerkamp met the definition of "disability" contained in the STD policy, was eligible for benefits, and approved her claim through February 28, 2021.

30. Effective February 5, 2021, Sommerkamp received monthly STD benefits of $4,575.78.

31. On March 30, 2021, Lincoln notified Sommerkamp that it was discontinuing and denying any STD benefits after February 28, 2021, because it had concluded that there was "no objective mental assessment documented and the available medical records do not suggest an intensity of care or severity of symptoms suggestive of marked functional impairment that would warrant ongoing restrictions and limitations that would support your absence from work."

32. In response to Lincoln's March 30, 2021 letter, Sommerkamp sent Lincoln additional records from Veronica Anwuri, MD reflecting treatment received on April 19, 2021. Lincoln received the records on April 26, 2021.

33. On April 29, 2021, Lincoln acknowledged receipt of the additional records but notified Sommerkamp that it would not consider them because her STD claim was closed.

34. On May 13, 2021, Sommerkamp's counsel requested a copy of her claim file from Lincoln.

35. Sommerkamp initiated a claim for LTD benefits with Lincoln.

36. Sommerkamp was denied LTD benefits by Lincoln, with Lincoln citing the elimination period as justification for the denial of benefits.

37. Sommerkamp appealed Lincoln's denial of her claim to LTD benefits.

38. Sommerkamp has satisfied the requirements of the Plan and policies, including all conditions precedent.

39. Sommerkamp has exhausted administrative relief.

## CAUSES OF ACTION
### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

40. Sommerkamp realleges the preceding paragraphs as if fully set forth herein.

41. Sommerkamp is entitled to all unpaid and accrued STD and LTD benefits, as Lincoln:

    a. Made an unfavorable decision without substantial evidence;

    b. Failed to properly consider Sommerkamp's medical impairments and resulting limitations; and

    c. Issued an unfavorable decision that was arbitrary and capricious.

42. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Sommerkamp is entitled to an award of actual damages for losses suffered.

43. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

44. Lincoln has not satisfied its obligation to pay Sommerkamp STD and LTD benefits.

### COUNT II
### 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

45. Sommerkamp realleges the preceding paragraphs as if fully set forth herein.

46. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

    "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property or such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or

discretionary responsibility in the administration of such plan."

47. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

   "a fiduciary shall discharge her duties with respect to a plan solely in the interest of the participants and beneficiaries and – for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

48. Lincoln, the Plan's designated claims administrator, is a fiduciary.

49. Sommerkamp participated in and benefitted from the Plan as previously indicated.

50. Lincoln's claims management practices are motivated by financial incentives in its administrative services agreement with St. Luke's.

51. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs the actions of a fiduciary.

52. Sommerkamp is entitled to all unpaid and accrued LTD benefits, as Lincoln:

   a. Made an unfavorable decision without substantial evidence;

   b. Failed to properly consider Sommerkamp's medical impairments and resulting limitations; and

53. Issued an unfavorable decision that was arbitrary and capricious. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Sommerkamp is entitled to an award of actual damages for losses suffered.

54. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

55. Lincoln has not satisfied its obligation to pay Sommerkamp benefits.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

56. The Court determine and declare that Mrs. Sommerkamp is entitled to both STD and LTD benefits retroactive from February 2021 to the present and issue an Order requiring Defendant to award Mrs. Sommerkamp total disability benefits due and owing under the Plan from February 2021 to the present.

57. That the Court order payment of prejudgment interest on STD and LTD benefits that have accrued prior to the date of judgment.

58. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Sommerkamp prays for judgment against Lincoln for unpaid STD benefits, unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

    Respectfully submitted,

    BURNETTDRISKILL, Attorneys

    By: /s/ Paul J Taylor
    Paul J. Taylor, Mo. # 72159
    Kyle H. Sciolaro, Mo. # 64568
    Derrick A. Pearce, Mo. # 42793
    103 W 26th Ave., Ste. 290
    North Kansas City, MO 64116
    P: 816.883.4142
    F: 816.792.3634
    ptaylor@burnettdriskill.com
    ksciolaro@burnettdriskill.com
    dpearce@burnettdriskill.com
    ATTORNEYS FOR PLAINTIFF